UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JOHNNY RAY LOTT | CIVIL ACTION NO. 10-761-P |
| VERSUS | JUDGE HICKS |
| WARDEN TIM WILKINSON | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Johnny Ray Lott ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on May 4, 2010. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Tim Wilkinson as respondent.

On November 30, 1989, Petitioner was convicted of one count of attempted second degree murder in Louisiana's Second Judicial District Court, Parish of Claiborne. On March 7, 1990, he was sentenced to 50 years imprisonment at hard labor.

In support of this petition, Petitioner alleges he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). However, where a state prisoner's federal habeas petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

In this case, it appears Petitioner's conviction and sentence became final on April 17, 1996, prior to the enactment of the AEDPA. Petitioner was convicted on November 30, 1989 and sentenced on March 7, 1990. The Louisiana Second Circuit Court of Appeal affirmed his conviction and conditionally confirmed his sentence on January 23, 1991. The Second Circuit remanded the case to the trial court to take evidence on a motion for appointment of

a sanity commission. State v. Lott, 574 So.2d 417 (La. App. 2 Cir. 1991), writ denied, 580 So.2d 666 (La. 1991). On remand, the trial court ruled that Petitioner had the requisite mental capacity to proceed and affirmed his sentence on May 25, 1994. Subsequently, Petitioner filed an application for post-conviction relief which was granted by the Louisiana Second Circuit Court of Appeal. The Second Circuit exercised its supervisory jurisdiction by ordering the trial court to conduct a contradictory proceeding in accordance with La. C.Cr.P. art. 647 and allowing Petitioner to present evidence of his lack of mental capacity to proceed. See State v. Lott, 27,069-KH (La. App. 2d Cir. 10/27/1994).

The trial court conducted a hearing on Petitioner's competency motion and found he had the mental capacity to proceed and again affirmed his 50 year hard labor sentence. The Louisiana Second Circuit Court of Appeal affirmed Petitioner's sentence on April 3, 1996. State v. Lott, 671 So.2d 1182, 27,849 (La. App. 2 Cir. 4/3/96)[2]. Petitioner did not seek writs of review in the Supreme Court of Louisiana. Therefore, Petitioner's conviction and

---

[2]Prior to ruling on Petitioner's second appeal, the Louisiana Second Circuit Court of Appeal ruled on another post-conviction relief application filed by him. See State v. Lott, 27-730-KH (La. App. 2d Cir. 4/20/95), writ denied, 95-KH-1356, 690 So.2d 4 (La. 3/7/97). Even if this Court were to give Petitioner the benefit of the doubt as the state trial court did because of the complex nature of the state court record and find that the March 7, 1997 writ denial by the Supreme Court of Louisiana could lead him to believe that his conviction and sentence became final on that date, his petition would still be untimely. Assuming the state court judgment became final on March 7, 1997, his one-year period to file for federal habeas relief ended on March 7, 1998. The federal petition currently before the Court was received and filed in this Court on May 4, 2010, mailed on April 30, 2010 and signed in March 2010, more than 11 years too late. Furthermore, the application for post-conviction relief filed by Petitioner in January 1999 does not serve to toll the one year limitation period as it was filed more one year after the limitation period had already expired in March 1998.

sentence became final on April 17, 1996 when the fourteen-day delay for applying for a rehearing expired and no application was made.  See La. C.Cr.P. art. 922.

It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997.  Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997.  The federal petition currently before the Court was received and filed in this Court on May 4, 2010, mailed on April 30, 2010 and signed in March 2010,  more than 12 years too late.

In addition, the post-conviction proceedings initiated by Petitioner in January 1999 do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  Petitioner filed an application for post-conviction relief in the Second Judicial District Court in January 1999.  Review of this application continued until the Supreme Court of Louisiana denied relief on September 25, 2009.  State ex. rel. Lott v. State, 2008-KH-2754 (La. 9/25/09), 18 So.3d 85.  To toll the federal limitation period at all, a petitioner's post-conviction proceedings must be filed within the federal one-year period.  Petitioner did not file this application until January 1999, more than one year after the limitation period had already expired in April 1997.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 6th day of July, 2010.

                                      MARK L. HORNSBY
                        UNITED STATES MAGISTRATE JUDGE